# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Hamada E. Mahmoud, M.D.,**
**Petitioner Below, Petitioner**

**FILED**

**June 7, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)  No. 18-0335** (Kanawha County 17-AA-32)

**West Virginia Department of Health and**
**Human Resources, Bureau for Public Health,**
**and Office of the Chief Medical Examiner,**
**Respondents Below, Respondents**

## MEMORANDUM DECISION

Petitioner Hamada E. Mahmoud, M.D., by counsel Clinton W. Smith, appeals the March 5, 2018, order of the Circuit Court of Kanawha County affirming the decision of the West Virginia Public Employees Grievance Board ("Grievance Board") finding no error in respondents' termination of petitioner's employment. Respondents West Virginia Department of Health and Human Resources, Bureau of Public Health, and Office of the Chief Medical Examiner (collectively known as "OCME"), by counsel Steven R. Compton, filed a response in support of the circuit court's order.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner is a medical doctor and, in 2002, began working as a deputy medical examiner ("ME") for the OCME. As a deputy ME, petitioner performed autopsies and assisted with reports and investigations to determine causes and manners of death. Over the course of his employment with the OCME, petitioner developed a backlog of cases requiring autopsy reports. On May 26, 2011, respondents issued petitioner an Employee Performance Improvement Recommendation ("EPIR"). The EPIR required petitioner to complete twenty of his backlogged cases each month. On July 18, 2011, when petitioner failed to meet this requirement, the OCME issued a reprimand and suspended him for three working days. Petitioner filed a grievance challenging this disciplinary action. Ultimately, the grievance was resolved by agreement.

In September of 2012, a Performance Improvement Plan ("PIP") related to petitioner's employment was adopted by the OCME. Under the PIP, petitioner was required to complete a total number of autopsy reports equivalent to all the new cases he received in a month. If this number was fewer than twenty-seven new cases, then petitioner was required to complete an additional

1

number of backlogged cases to make up the difference. The PIP stated that it would "remain in place" until petitioner's "backlog of incomplete autopsy reports from prior years is no greater than that of any other non-administrative Deputy Chief Medical Examiner."

In December of 2012, petitioner was notified, both in person and by e-mail, that he was not in compliance with the PIP. Thereafter, changes were made in OCME office processes to assist petitioner in complying with the PIP; however, despite these changes, petitioner's non-compliance continued in January and February of 2013. In March of 2013, the OCME's office administrator reviewed petitioner's personnel file and determined that petitioner was "not performing up to the requirements of the PIP." The administrator received complaints from other office personnel related to petitioner's use of profanity, unprofessional behavior, and outbursts. Additionally, respondents received multiple complaints from law enforcement entities and families relating to the delay in receipt of autopsy reports from petitioner.

In April of 2013, petitioner applied for intermittent leave, pursuant to the Family and Medical Leave Act ("FMLA"), to permit him to attend physical therapy sessions two times a week for an impingement of his shoulder.[1] Petitioner's request for FMLA leave was granted on May 15, 2013. However, while his application for FMLA leave was pending, because of his continued poor job performance and complaints from co-workers regarding petitioner's demeanor, on May 2, 2013, petitioner was placed on a new 180-day PIP. Petitioner was advised that the PIP was necessary due to petitioner's backlog of cases, his aggressive behavior towards co-workers, and incidents of petitioner making disparaging gender specific comments to co-workers. With the implementation of this PIP, petitioner was not assigned any new cases but was directed to dictate reports on ten of his backlogged cases per week. On May 8, 2013, and again on July 9, 2013, petitioner was advised, in an e-mail communication from the OCME administrator, that he was not in compliance with the PIP.

In July of 2013, when petitioner's medical condition did not improve, he sought additional FMLA leave, which was approved on August 16, 2013. On August 20, 2013, petitioner's employment with respondents was terminated via letter. In response to his termination, petitioner filed a grievance with the Grievance Board alleging that he was subject to a negative and hostile work environment and that his employment was terminated in contravention of the FMLA. *See* West Virginia Code §§ 6C-2-1 and 6C-2-4. Petitioner sought reinstatement, continuation of his FLMA leave, and reimbursement of attorney's fees.

A level one grievance hearing was held on June 3, 2014, wherein petitioner's grievance was dismissed. Petitioner appealed the dismissal to level two of the grievance procedure. After an unsuccessful mediation, petitioner appealed to level three. A level three grievance hearing, at which petitioner testified, was held on November 3, 2016. By decision issued March 20, 2017, the Grievance Board determined that the record supported the termination of petitioner's employment. The Grievance Board noted that petitioner's credibility was suspect as he was not forthright and provided testimony contrary to demonstrative evidence. Petitioner appealed the Grievance Board's decision to the Circuit Court of Kanawha County. By order dated March 5, 2018, the circuit court affirmed the Grievance Board's decision and determined that respondents' termination of

---

[1] *See* The Family and Medical Leave Act of 1993, 29 U.S.C.A. §§ 2611 through 2617.

2

petitioner's employment was not in contravention of the FMLA. It is from the circuit court's March 5, 2018, order that petitioner now appeals.

"When reviewing the appeal of a public employees' grievance, this Court reviews decisions of the circuit court under the same standard as that by which the circuit court reviews the decision of the administrative law judge." Syl. Pt. 1, *Martin v. Barbour Cty. Bd. of Educ.*, 228 W. Va. 238, 719 S.E.2d 406 (2011). "A final order of the hearing examiner for the West Virginia [Public] Employees Grievance Board, made pursuant to W.Va. Code, [6C-2-1], *et seq*. [ ], and based upon findings of fact should not be reversed unless clearly wrong." Syl. Pt. 1, *Randolph Cty. Bd. of Educ. v. Scalia*, 182 W. Va. 289, 387 S.E.2d 524 (1989).

In his sole assignment of error, petitioner argues that the circuit court erred in affirming the Grievance Board's finding that respondents' termination of petitioner's employment was not in contravention of the FMLA. Petitioner argues that the record does not support the circuit court's ruling, as respondents were well aware of petitioner's shoulder impingement, which necessitated the intermittent exercise of FMLA leave and the corresponding effect this medical condition had on petitioner's workload, as petitioner had applied for and received associated FMLA leave. Conversely, respondent argues, and we concur, that the circuit court did not err in affirming the Grievance Board's decision finding no error in respondents' termination of petitioner's employment.

It is the longstanding precedent of this Court that at-will employees are subject to disciplinary action for any reason that does not contravene a substantial public policy principle. *Harless v. First Nat'l Bank of Fairmont*, 162 W. Va. 116, 246 S.E.2d 270 (1978).[2] Here, the Grievance Board found that because petitioner's employment was terminated while he was on FMLA leave, petitioner had sufficiently raised a prima facie case of a violation of a substantial public policy. In *Frank's Shoe Store v. West Virginia Human Rights Commission*, 179 W. Va. 53, 365 S.E.2d 251 (1986), this Court found that an employer may rebut an employee's prima facie case by demonstrating that a legitimate, non-retaliatory reason was the controlling motivation in the termination decision.

In *Yashenko v. Harrah's NC Casino Co, LLC*, 446 F.3d 541 (4th Cir. 2006), the United States Court of Appeals for the Fourth Circuit determined that the FMLA did not provide employees with an absolute right to be restored to their positions after taking approved FMLA leave. The *Yashenko* court reasoned that if an employer could establish that the employee would not have been retained, if he had not been on FMLA leave, the employer was not liable for wrongful termination.

Here, while petitioner's employment was undisputedly terminated while he was on an approved period of FMLA leave, petitioner had a long and well-documented history of poor job performance, dating back many years before his first FMLA leave request. The record details that respondents provided petitioner with multiple opportunities to correct his inadequate job

---

[2] *See* West Virginia Code § 61-12-3(b), which provides, in pertinent part, that "[a]ll persons employed by the chief medical examiner shall be responsible to him or her and may be discharged for any reasonable cause."

performance, including removal of his autopsy duties so that he could focus on dictating reports in his backlog of cases, which, at one point, numbered over 200 cases. However, despite these accommodations, petitioner did not make the necessary changes to complete his essential job duties as required and began to exhibit offensive and prohibited behaviors such as using profanity and making disparaging comments to co-workers. Accordingly, as petitioner failed to establish that respondents' termination of his employment during the course of his FMLA leave was improper, the circuit court did not err in affirming the decision of the Grievance Board and dismissing petitioner's claims.

Affirmed.

**ISSUED:** June 7, 2019

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison

**DISQUALIFIED:**

Justice Margaret L. Workman

4